UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KEMING LU,<br><br>                Plaintiff,<br><br>v.<br><br>ST. MARK'S HOSPITAL,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [11] DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:25-cv-00983-DBB-CMR<br><br>District Judge David Barlow |

Before the Court is Defendant St. Mark's Hospital's ("St. Mark's") Motion to Dismiss[1] Plaintiff Keming Lu's Amended Complaint.[2]

## BACKGROUND

This case arises from allegations of racial discrimination and retaliation under Title VII of the Civil Right Act of 1964.[3] Ms. Lu is of Asian descent and was employed as a radiology technologist by St. Mark's for twenty-one years.[4] She alleges that, in 2018, her managers began soliciting various complaints about Ms. Lu from her co-workers.[5] Ms. Lu also alleges that she was treated differently and disciplined more often than her co-workers of other races.[6] She claims that she reported this discrimination to her superiors in meetings on August 10 and August 23, 2018.[7] On August 30, 2018, Ms. Lu's employment was terminated.[8] The reason given

---

[1] Motion to Dismiss ("MTD"), ECF No. 11, filed Mar. 3, 2026.
[2] Amended Compl., ECF No. 4, filed Jan. 26, 2026.
[3] *Id.* at ¶¶ 25–51.
[4] *Id.* at ¶ 11.
[5] *Id.* at ¶ 13.
[6] *Id.* at ¶ 24.
[7] *Id.* at ¶¶ 18–19.
[8] *Id.* at ¶ 21.

1

for this termination was an incident on August 17, 2018, when Ms. Lu's supervisor allegedly found her sleeping in a locked ultrasound room during her shift.[9] Ms. Lu disputes the supervisor's version of the incident.[10]

On February 22, 2019, Ms. Lu filed a charge of discrimination with the Utah Labor Commission's Antidiscrimination and Labor Division ("UALD").[11] On August 23, 2019, the UALD issued a determination and order finding that Ms. Lu failed to establish a prima facie case of discrimination or harassment and dismissing her charge.[12] Ms. Lu requested review by the Utah Labor Commission's Adjudication Division, and a two-day evidentiary hearing was held on April 29 and 30, 2021.[13] On August 23, 2021, the Adjudication Division administrative law judge issued findings of fact and conclusions of law and dismissed Ms. Lu's claims with prejudice.[14] Ms. Lu appealed this ruling to the Utah Labor Commission Appeals Board, which conducted a de novo review of her claims before affirming the administrative law judge's order on January 19, 2022.[15] The Appeals Board Order identifies multiple complaints from coworkers, patients, and departments within St. Mark's about Ms. Lu's conduct at work predating Ms. Lu's complaint about discrimination.[16] Ms. Lu then appealed that decision to the Utah Court of Appeals, which upheld the labor commission Appeals Board's ruling on April 5, 2022.[17] Finally, Ms. Lu filed a Petition for Writ of Certiorari with the Utah Supreme Court, which denied the

---

[9] *Id.* at ¶¶ 20–21.
[10] *Id.*
[11] *Id.* at 5.
[12] UALD Determination 24–25, ECF No. 11 at 17–27, filed Mar. 3, 2026.
[13] Utah Labor Commission Adjudication Division Order ("Adjudication Order") 32, ECF No. 11 at 31–46, filed Mar. 3, 2026.
[14] *Id.* at 45.
[15] Utah Labor Commission Appeals Board Order ("Appeals Board Order") 53, ECF No. 11 at 48–56, filed Mar. 3, 2026.
[16] *Id.* at 49–50.
[17] Utah Court of Appeals Order 59, ECF No. 11 at 58–59, filed Mar. 3, 2026.

petition on August 15, 2022.[18] On August 4, 2025, the EEOC issued Ms. Lu a notice of right to sue,[19] and Ms. Lu filed this case on October 30, 2025.

**STANDARD**

"Dismissal under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face."[20] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] "In evaluating a motion to dismiss, the court must take as true all well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings."[22] Conclusory statements and legal conclusions are "not entitled to the assumption of truth."[23]

Generally, "a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings."[24] "However, notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, 'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the

---

[18] *Lu v. Lab. Comm'n*, 525 P.3d 1258 (Utah 2022).
[19] Amended Compl. ¶ 8.
[20] *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019) (citing *United States ex rel. Reed v. KeyPoint Gov't Sols.,* 923 F.3d 729, 764 (10th Cir. 2019)).
[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).
[22] *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1130–31 (10th Cir. 2024) (quoting *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021)) (also quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)) (cleaned up).
[23] *Iqbal*, 556 U.S. at 1951 (emphasis omitted).
[24] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999)).

documents' authenticity.'"[25] Courts may also consider "documents that the complaint incorporates by reference,"[26] "documents attached as exhibits to the complaint,"[27] and "matters of which a court may take judicial notice,"[28] including "facts which are a matter of public record."[29]

## DISCUSSION

Defendant argues that Plaintiff's claims should be dismissed because they were not timely filed with the EEOC and because they are barred by claim preclusion.[30] The claim preclusion arguments necessarily rely on material outside the pleadings, namely the Utah Labor Commission proceedings and the state court proceedings. The Tenth Circuit has explained that "federal courts, in appropriate circumstances, may take notice of Litigations in other courts, both within and without the federal judicial system, if those Litigations have a direct relation to matters at issue."[31] Therefore, for purposes of this motion, the court will take judicial notice of relevant state court filings and Utah Labor Commission proceedings as matters of public record.

The court first addresses St. Mark's argument that Ms. Lu's claims are barred by claim preclusion. St. Mark's contends that Ms. Lu already asserted discrimination claims based on the same underlying events at issue here against the same defendant and that those claims were rejected on their merits by the UALD and Utah state courts.[32] Ms. Lu responds that the Supreme

---

[25] *Id*. (quoting *Jacobsen v. Deseret Book Co*., 287 F.3d 936, 941 (10th Cir. 2002)).
[26] *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd*., 551 U.S. 308, 322 (2007)).
[27] *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).
[28] *Tellabs, Inc. v. Makor Issues & Rts., Ltd*., 551 U.S. 308, 322 (2007).
[29] *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).
[30] MTD 5, 7.
[31] *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp*., 605 F.2d 1169, 1172 (10th Cir. 1979).
[32] MTD 8–9.

4

Court has held that unreviewed Title VII state administrative proceedings do not have a preclusive effect on federal courts.[33]

"Claim preclusion 'bars a party from prosecuting in a subsequent action a claim that has been fully litigated previously.'"[34] To invoke claim preclusion, a litigant must satisfy three elements:

> (1) both suits must involve the same parties or their privies, (2) the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action, and (3) the first suit must have resulted in a final judgment on the merits.[35]

Federal courts are required by 28 U.S.C. § 1738 to "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."[36] "Accordingly, the federal courts consistently have applied res judicata and collateral estoppel to causes of action and issues decided by state courts."[37] But § 1738 does not apply to state administrative proceedings.[38] In *University of Tennessee v. Elliott*, the Supreme Court held that "Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims."[39] Thus, an individual whose Title VII claim is rejected by a state administrative agency is still entitled to a trial *de novo* on that claim.[40] However, if a state

---

[33] Opposition to Motion to Dismiss ("Opp'n") 14–15, ECF No. 14, filed Mar. 31, 2026.

[34] *Jensen v. Ruflin*, 2017 UT App 174, ¶ 16, 405 P.3d 836, 840 (quoting *State v. Sommerville*, 2013 UT App 40, ¶ 30, 297 P.3d 665, 674).

[35] *Moss v. Parr Waddoups Brown Gee & Loveless*, 2012 UT 42, ¶ 21, 285 P.3d 1157, 1163 (quoting *Allen v. Moyer*, 2011 UT 44, ¶ 6, 259 P.3d 1049, 1050, *overruled by Madsen v. JPMorgan Chase Bank*, N.A., 2012 UT 51, ¶ 6, 296 P.3d 671); *see also Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (quoting *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997)) ("To apply claim preclusion, 'three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits.'").

[36] *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982); 28 U.S.C.A. § 1738.

[37] *Kremer*, 456 U.S. at 466 n.6.

[38] *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 796 (1986).

[39] *Id.*

[40] *Id.*

5

court judgment later affirms the administrative agency's determination that a Title VII claim is "unproved," that state court judgment is entitled to full preclusive effect and can be the basis for a claim preclusion argument.[41]

In this case, Ms. Lu initially filed her claims with the UALD. Those claims were subsequently dismissed by both the UALD and an administrative law judge,[42] and the dismissal was affirmed by the Utah Labor Commission Appeals Board.[43] These administrative agency actions do not, standing alone, have any preclusive effect. But *University of Tennessee* only held that unreviewed state *administrative* proceedings do not have preclusive effect on Title VII claims.[44] After her discrimination claims were initially dismissed by Utah administrative agencies, Ms. Lu appealed to the Utah Court of Appeals, where the court upheld the Appeals Board's decision.[45]

Because Ms. Lu's claims were decided by a state administrative agency and then reviewed in state court, they may be barred if all the claim preclusion elements are satisfied. Here, they are. First, Ms. Lu and St. Marks were the same parties involved at each stage of the administrative agency and state court proceedings.[46] Second, Ms. Lu asserted discrimination and retaliation claims in the UALD proceedings based on the same conduct that forms the basis for her Title VII discrimination and retaliation claims.[47] Third, in each of the Utah Labor Commission proceedings before the UALD, the Adjudication Division, and the Appeals Board,

---

[41] *Kremer*, 456 U.S. at 485.
[42] *See* UALD Determination 25; Adjudication Order 45.
[43] Appeals Board Order 53.
[44] *Univ. of Tennessee*, 478 U.S. at 796.
[45] Utah Court of Appeals Order 59.
[46] *See id.*
[47] *See* UALD Determination 20–24; Adjudication Order 39–45; Appeals Board Order 50–52.

Ms. Lu's claims were dismissed on their merits, after evidentiary hearings and detailed legal analysis.[48] Furthermore, the Adjudication Division administrative law judge explicitly dismissed Ms. Lu's claims with prejudice,[49] and that dismissal was affirmed by the Appeals Board following *de novo* review.[50] The Appeals Board's ruling was subsequently reviewed and affirmed by the Utah Court of Appeals,[51] and the Utah Supreme Court denied certiorari to review the decision.[52] Thus, Ms. Lu's discrimination and retaliation claims have already been fully adjudicated and are barred by claim preclusion.

Ms. Lu argues that the Utah administrative agency decisions were not sufficiently "reviewed" to have preclusive effect.[53] But other courts in this district have found that claim preclusion applied in similar factual scenarios. For example, in *Reeder v. Federal Express Corporation*, an employee filed a discrimination charge against his employer with the UALD.[54] The UALD dismissed the claim, so the employee sought review before an Adjudication Division administrative law judge.[55] The administrative law judge likewise granted judgment against the employee, and that judgment was subsequently affirmed by the Utah Labor Commission.[56] The employee sought review by the Utah Court of Appeals, which declined to disturb the dismissal.[57] The Utah Supreme Court then denied the employee's Petition for Writ of Certiorari.[58] When

---

[48] *See* Adjudication Order 32, 39–45.
[49] *Id.* at 45.
[50] Appeals Board Order 53.
[51] Utah Court of Appeals Order 59.
[52] *Lu v. Lab. Comm'n*, 525 P.3d 1258 (Utah 2022).
[53] Opp'n 15.
[54] *Reeder v. Fed. Express Corp.*, No. 2:17-CV-01195-DB-PMW, 2019 WL 1333114, at *2 (D. Utah Feb. 26, 2019), *report and recommendation adopted*, No. 2:17-CV-1195-DB-PMW, 2019 WL 1330361 (D. Utah Mar. 25, 2019) (unpublished).
[55] *Id.*
[56] *Id.* at *3.
[57] *Id.*
[58] *Id.*

considering the employee's Title VII claims, the court found that the previous proceedings, including the Utah Court of Appeals decision, satisfied the elements of claim preclusion.[59]

Similarly, the court in *Yudin v. Jordan School District* held that a plaintiff's Title VII claims were barred by claim preclusion when they had previously been resolved by an administrative law judge and that judgment was affirmed by the Utah Appeals Board and the Utah Court of Appeals.[60] As in *Reeder* and *Yudin*, Ms. Lu's claims were already dismissed with prejudice, and that dismissal was affirmed multiple times, including by the Utah Court of Appeals. Thus, the agency decisions were reviewed, and claim preclusion applies.

Finally, Ms. Lu argues that, though her state law discrimination claims were resolved, her federal Title VII claims remain.[61] The Supreme Court has explained that, when state and federal law prohibit the same types of discriminatory acts, federal claims arising out of the same events as state law claims may be barred by claim preclusion if the state law claims are found to be meritless.[62] Here, the underlying agency decisions considered Ms. Lu's claims using standards that are essentially identical to those that would apply in the Title VII context.[63] Ms. Lu sought state court review of those decisions, and by so doing created this claim preclusion issue. Therefore, Plaintiff's claims of discrimination and retaliation arising out of the events asserted here are barred by claim preclusion, regardless of whether they are brought under state or federal

---

[59] *Id*. at 4.
[60] *Yudin v. Jordan Sch. Dist*., No. 2:18-CV-562, 2019 WL 8128487, at *1–2 (D. Utah Dec. 13, 2019), *report and recommendation adopted*, No. 2:18-CV-562, 2020 WL 104157 (D. Utah Jan. 9, 2020) (unpublished).
[61] Opp'n 15–16.
[62] *See Kremer v. Chem. Const. Corp*., 456 U.S. 461, 479–80 (1982).
[63] Appeals Board Order 51–52 (applying federal discrimination standards and noting that Utah's retaliation statute "entails the same prima facie elements as a Title VII retaliation claim.").

law. Because Ms. Lu's claims are barred by claim preclusion, the court need not address

Defendant's statute of limitations argument.

**ORDER**

Defendant's [11] Motion to Dismiss is GRANTED. Plaintiff's [4] Amended Complaint is

DISMISSED with prejudice.

Signed June 4, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

9